Dear Mr. Gegenheimer:
This office is in receipt of your request for an opinion of the Attorney General in regard to clarification of Act 1142 of the 2003 Legislative Session in light of R.S. 9:5212.
R.S. 35:12 (D) as amended by Act 1142 of 2003 is as follows:
 On all documents notarized on and after January 1, 2005, the office of notarial records, register of conveyances, or recorder of mortgages in and for the parish of Orleans, every clerk of court and every state office, agency, department or political subdivision shall not accept, file or record any notarized documents which fail to contain the notary identification or bar roll number and the typed or printed name of the notary and the witnesses.
R.S. 9:5212 provides:
 In no case can the recorder of mortgages and the parish recorders fulfilling the same duties, refuse or delay the recording of the acts which are presented to them for that purpose or the delivery of the certificates which are required of them as hereafter stated.
This office has observed when there are two sets of laws enacted purporting to govern the same subject matter both provisions are to be given effect whenever possible. Thus, if the acts can be reconciled by a fair and reasonable interpretation, it must be done since the repeal of a statute by implication is not favored and will not be indulged in if there is any other reasonable construction.
However, this office further stated, "It is only where there is a direct and irreconcilable conflict between them that resort may be had to such conflict-resolving rules as the last enacted statute prevailing over the first enacted statute or the more specific statute prevailing over the more general statute." Atty. Gen. Op. 95-564, 88-195.
Inasmuch as Act 1142 in amending R.S. 35:12 (D) to provides that the clerk of court "shall not accept, file or record any notarized document which fails to contain the notary identification or bar roll number", does not apply until "on or after January 1, 2005", there is no conflict at this time.
However, in this matter, we note this office stated in Atty. Gen. Op. 95-327 as follows:
 In Attorney General Opinion No. 1046-48, p. 67, our office opined that "it is not within the discretion of the clerk of court and recorder to determine what acts shall be recorded, but that he is required by law to record the acts which are presented to him." We further opined that "the question of the validity or sufficiency of documents presented to him for recordation is one for a judicial determination in appropriate actions by the parties at interest." We affirm this conclusion and adopt it herein.
It appears this will no longer be accurate after January 1, 2005, wherein Act 1142 of 2003 amends R.S. 35:12 to mandate that the office of notarial records, register of conveyances, or recorder of mortgages and every clerk of court "shall not accept, file or record any notarized document which fails to contain the notary identification or bar roll number * * *."
Accordingly, this should be considered by the legislature, to clarify the conflict that would be occurring in January, 2005 inasmuch as it appears R.S. 9:5212 and R.S. 35:12 will be in conflict.
We hopes this sufficiently responds to your inquiry.
Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY: ____________________ BARBARA B. RUTLEDGE Assistant Attorney General
CCF/bbr